LUTHER N. TYLER ET AL, EX'RS v. SYLVESTER B. SMITH.

*Jury's findings cannot be reviewed on writ of error.*

The Supreme Court has no power to review the findings of a jury, on a writ of error, since, if there is testimony enough to go to the jury, that body must find the facts for itself.

Error to Hillsdale. Submitted June 14. Decided June 22.

APPEAL from allowance of claim by commissioners on an estate. The executors bring error. Affirmed.

*Austin Blair* for plaintiffs in error.

*Conely & Lucking* for defendant in error.

CAMPBELL, J.   Defendant in error recovered in the circuit court for Hillsdale county as he had previously recovered before commissioners appointed by the probate court of that county, on a claim against his father's estate for moneys advanced at the decedent's request to relieve Waldo L. Smith, the claimant's brother, from a large indebtedness.

The executors opposed the claim on various grounds, the chief of which was that if any promise was made by decedent it was void as against the statute of frauds. The case was tried by jury.

An objection strenuously urged was the twofold claim that the proofs were not satisfactory, and the claim inequitable. It is enough to say on this matter that we have no power to revise the findings of juries on writ of error, and that if there is testimony enough to go to the jury, it is for that body to find the facts for itself.

The main controversy arose upon the claim made by the executors that Sylvester B. Smith in all his dealings for the relief of Waldo, was acting on his own behalf and on his own account, and that whatever promises were made by the decedent were verbal promises to make good his losses in case Waldo failed to pay him; and that the promises referred to testamentary provisions and to nothing else.

There was testimony from which the jury might have found this, but they did not so find. And whatever we may think we should have done had we been in their place, we cannot fail to see that there was such a conflict of testimony as left the conclusions of fact open to their determination on either theory.

It is alleged as error that the court failed to give certain charges desired, bearing on the difference between original and collateral undertakings under the statute of frauds. But

on considering the charges actually given, we find all of these instructions were given very fully and very clearly, and that the court could not have done more to carry out the requests.

It is also urged that there was a note of $1000 held by Sylvester against Waldo, the promise to pay which was clearly collateral, and that the court erred in letting this go to the jury.

There was distinct evidence, however, that this note was given up as part of the arrangement, and that the father's liability for what he agreed to pay was in no way connected with the continued existence of the claim against Waldo. Upon this question the charge was also very explicit and excluded any erroneous theories altogether.

If any injustice has been done, it has been by wrong conclusions of fact drawn by the jury. We have no means of knowing how this may be, and no means of correcting it if it exists.

The judgment must be affirmed with costs, and the proceedings allowing the claim certified to the court below.

The other Justices concurred.